United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 05-375 SI |
| Plaintiff, | **ORDER DENYING MOTIONS TO SEVER FILED BY DEFENDANTS CHEN AND HOM** |
| v. | |
| JAY CHEN, et al., | |
| Defendants. | |
| _____/ | |

Defendants Jay Chen and Darrick Curtis Hom have filed motions to sever. Having considered the papers submitted, and for the reasons set forth below, the Court hereby DENIES defendants' motion to sever.

**BACKGROUND**

The Second Superseding Indictment filed on June 15, 2006, charges defendant Jay Chen ("Chen") and defendant Darrick Curtis Hom ("Hom"), as well as 17 other defendants, with numerous violations of the Controlled Substances Act. The indictment includes 30 separate charges. Count 1 of the indictment charges Chen, Hom, and 16 co-defendants with knowingly and intentionally conspiring to cultivate, to possess with intent to distribute, and to distribute one thousand or more marijuana plants in violation of 21 U.S.C. § 846. Count 27 of the indictment charges Chen, Hom, and 11 other defendants with conspiring to engage in money laundering, in violation of 18 U.S.C. § 1956(h).[1] Both defendants have filed motions to sever pursuant to Federal Rule of Criminal Procedure 14.

_____

[1] Chen and Hom are also charged in counts related to alleged cultivation and distribution of marijuana.

**United States District Court**

For the Northern District of California

**LEGAL STANDARD**

The decision whether to sever pursuant to Rule 14 is committed to the discretion of the Court. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994).  Severance may be appropriate to avoid prejudice to a defendant; however, Rule 14 "sets a high standard for a showing of prejudice." *Id.* at 846; *see also United States v. Patterson*, 819 F.2d 1495, 1501 (9th Cir. 1987) ("The test for abuse of the district court is whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial.") (internal citation and quotation omitted). The Ninth Circuit has stated,

> Inquiry into the prejudicial effect of a joint trial involves consideration of several factors, including: (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether [defendants] could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004).

**DISCUSSION**

As an initial matter, Chen contends that severance is warranted based on misjoinder.  Chen generally asserts that the government has misjoined separate and distinct conspiracies in the indictment; aside from making these assertions, Chen does not advance any specific argument as to why the conspiracies alleged in the indictment are misjoined.

The Court finds Chen's contention unpersuasive.  Federal Rule of Criminal Procedure 8(a) provides for joinder of offenses against a single defendant in the indictment if the offenses charged are: (1) "of the same or similar character;" (2) "based on the same act or transaction;" or (3) "connected with or constitut[ing] parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990); *see also United States v. Jawara*, 462 F.3d 1173, 1179 (9th Cir. 2006) (citing *Terry* with approval and reaffirming the "established rule in this circuit is that a valid basis for joinder should be discernible from the face of the indictment").

1    Here, the indictment alleges two separate conspiracies, one for marijuana cultivation and

2    distribution and the other for money laundering.  Chen and numerous other defendants are named in both

3    conspiracy charges.   Count 27, the money laundering count, incorporates the previous marijuana

4    cultivation and distribution counts and the marijuana conspiracy count, and alleges that defendants:

5         [D]id knowingly and intentionally conspire to conduct and attempt to conduct financial
         transactions, to wit: purchase United States Postal money orders and commercial money
6         orders, and make cash payments for grow-site expenses, including rent, utilities such as
         electricity and water, marijuana cultivation equipment and supplies, work performed, as
7         well as for other expenses incurred in maintaining the marijuana grow sites, affecting
         interstate commerce, which involved the proceeds of specified unlawful activities, to wit:
8         conspiracy to cultivate, possess with intent to distribute and distribute marijuana . . . .

9    Second Superseding Indictment, Count 27 ¶ 2.   Thus, from the face of the indictment, the two

10   conspiracies are related.  Because the conspiracies are allegedly intertwined, the Court concludes that

11   there is no misjoinder.

12       Chen also contends that severance is appropriate because he will be prejudiced if he is tried as

13   part of the larger case.  Chen asserts he will be prejudiced from the single lengthy trial because there is

14   not a large area of overlapping proof, the majority of the evidence involves other defendants, he is a

15   peripheral defendant, and the voluminous evidence that will be offered will make it impossible for the

16   jury to distinguish evidence as it relates to each defendant. Accordingly, Chen argues that all of these

17   factors will create a "spillover effect" resulting in the loss of his right to a fair trial.

18       Defendant Hom raises similar arguments.  He argues that he will be unduly prejudiced if the

19   trials are not severed because some of the alleged activity did not involve him (such as the conspiracy

20   to sell MDMA), there is not a large area of overlapping proof, there is disparity of evidence, and the jury

21   will not be able to distinguish the proof as it relates to each defendant.[2]

22       The Court concludes that severance is not appropriate.  A defendant is not entitled to severance

23   merely because a separate trial would be to his advantage.  *See United States v. Adler*, 879 F.2d 491, 497

24

25       [2] Hom also asserts that this prosecution is politically motivated and "part of a continuing federal
     war on California's Compassionate Use Act," and that he is being prosecuted because he is Asian-
26   American. Reply at 2.  As stated in other orders raising these same contentions, defendants are charged
     with conduct that falls outside the scope of the CUA, and defendants have not submitted any evidence
27   that their conduct in fact complied with the CUA.  With respect to alleged selective prosecution, the
     Court has previously concluded that defendants have failed to provide "some evidence" that this
28   prosecution is motivated by a discriminatory purpose and had a discriminatory effect.

(9th Cir. 1988). Moreover, a "joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *Fernandez*, 388 F.3d at 1242.  The government asserts that because Chen and Hom are named in both conspiracy charges,  the majority of evidence that will be presented at trial will be admissible against both defendants.  In addition, because the government anticipates using trial groupings for the proceedings, defendants' concerns about "spillover effect" from a single trial appear unfounded.  Finally, to the extent evidence is presented at trial that is not relevant to the charges against Chen or Hom, the Court believes limiting instructions will enable the jury to compartmentalize such evidence from the evidence that is presented against each defendant. *See id*. at 1243.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motions to sever.  (Docket Nos. 474, 486, 497).

**IT IS SO ORDERED.**

Dated: November 6, 2006

_____
SUSAN ILLSTON
United States District Judge

United States District Court

For the Northern District of California

4